IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-05032-02-MDH |
| | ) | 15-CR-03061-01-MDH |
| ISRAEL BELMONTES-CISNEROS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The government has filed a response stating the application of Amendment 821 does not apply to Defendant and as a result he is ineligible for a reduction under Section 3582(c)(2).

Following a guilty plea, defendant was convicted of conspiring to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. Following a guilty plea in a separate case, defendant was convicted of possessing 50 grams or more of methamphetamine (actual) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). This Court calculated a total offense level of 41, a criminal history score of 0 and criminal history category of I, and an advisory guidelines range of 324 to 405 months' imprisonment. The Court varied downward and imposed concurrent terms of 240 months' imprisonment.

As set forth in the government's response: In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may

modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the amendment does not apply or the guidelines range does not change, the court may not reduce the defendant's sentence. *See Id*. § 1B1.10(a)(2). Even if the amendment applies and lowers the guidelines range, the court may not impose a sentence below the amended guidelines range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. *See Dillon*, 560 U.S. at 829-30.

In 2023, the Sentencing Commission added a new Section 4C1.1 to the Sentencing Guidelines: the new section provides for a two-level downward adjustment in a defendant's offense level where the offender received zero criminal history points and, among other criteria, "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." See Amendment 821, United States Sentencing Guidelines. The amendment became effective for newly sentenced defendants on November 1, 2023, and will become retroactive for previously sentenced defendants on February 1, 2024.

The government states Defendant is not eligible for relief under the new Section 4C1.1 because he received an adjustment under Section 3B1.1 as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. As a result, Amendment 821 does not apply to him, and he is, accordingly, ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(A). Further, the government argues that even if Amendment

2

821 applied to defendant, his initial sentence of 240 months would lie below the amended range of 262 to 327 months and this Court would lack authority to reduce it further. See U.S.S.G. § 1B1.10(b)(2)(A).

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: March 20, 2024 　　　　　　　　*/s/ Douglas Harpool*　　　　　　
　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**